Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel for Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGENUITY13 LLC,<br><br>   Plaintiff,<br><br>  v.<br><br>JOHN DOE,<br><br>   Defendant. | No. 3:12-cv-04976-JSW<br><br>**PLAINTIFF'S CASE MANAGEMENT CONFERENCE STATEMENT** |

**PLAINTIFF'S CASE MANAGEMENT CONFERENCE STATEMENT**

Plaintiff Ingenuity13 LLC, by and through its counsel of record, hereby submits this Case Management Conference Statement pursuant to the Order Setting Case Management conference and Requiring Joint Case Management Conference Statement. (ECF No. 9), and Northern District of California Civil Local Rule (hereinafter "L.R.") 16-9(a).[1]

**1. <u>Jurisdiction and Service:</u>**

Per L.R. 3-5, and as alleged in Plaintiff's Complaint (ECF No. 10 ¶ 2), this Court has federal subject matter jurisdiction over the copyright infringement claim under 17 U.S.C. §§ 101, *et seq.*, (commonly referred to as "the Copyright Act"), 28 U.S.C. § 1331 (granting federal courts federal question jurisdiction over civil actions arising under the laws of the United States), and 28 U.S.C. § 1338(a) (granting federal courts original jurisdiction over any Congressional acts relating to copyrights). This Court has supplemental jurisdiction over the civil conspiracy claim under 28

---

[1] Per L.R. 16-9, a joint statement could not be attained because of reasons further detailed below. *See* Exhibit A is the Declaration of Brett L. Gibbs.

U.S.C. § 1367(a) because it is directly related to Plaintiff's copyright infringement claim, which is within this Court's original jurisdiction, such that the two claims form part of the same case and controversy under Article III of the United States Constitution.

This Court has personal jurisdiction over all of the parties because, upon credible information and belief gathered by Plaintiff, Defendant resides or committed copyright infringement in the State of California. Plaintiff used geolocation technology to trace the IP address used by the Defendant to a point of origin within the State of California. Thus, there are no actual or potential personal jurisdiction issues in this case.

On November 7, 2012, Plaintiff served a subpoena on Comcast Cable Holdings, LLC ("Comcast") after the Court's Order granting Plaintiff's *Ex Parte* Application for Leave to Take Expedited Discovery. Currently, however, Comcast has not delivered any information related to the account holder of IP address 76.102.35.231. This is likely because there was a pending Motion for Stay of Subpoena Return Date. (ECF No. 12.) Plaintiff is thus waiting for the information on the account holder of IP address 76.102.35.231 before it can proceed to contact the account holder, and ultimately identify, and possibly serve, the infringer in this case. If Plaintiff does not receive the requested discovery by the beginning of February 2013, Plaintiff will bring a motion to compel Comcast to provide the information as ordered by the Court.

**2. Facts:**

Plaintiff is an organization that holds the copyrights to certain adult entertainment content. John Doe is the alleged copyright infringer.

Plaintiff believes that certain facts in this case, including the following, are undisputed at this time. John Doe, without authorization, used an online Peer-to-Peer media distribution system (specifically, the BitTorrent protocol) to download Plaintiff's copyrighted works and distribute Plaintiff's copyrighted works to the public, including making Plaintiff's copyrighted works available for distribution to others. John Doe operated under the cover of a network address when he joined a common swarm composed of fellow infringers, who downloaded the same exact file and unlawfully distributed Plaintiff's copyrighted works amongst one another. Due to the quasi-anonymous fashion

in which John Doe conducted himself online, Plaintiff was unaware of John Doe's actual identifying information—including his name, address, telephone, and Media Access Control ("MAC") information.

Through unique proprietary software, Plaintiff's agents identified John Doe, by a unique IP address, assigned by the ISP on the date and at the time of John Doe's infringing activity. While these were not the only times of John Doe's infringing activities, this was a snapshot of such activities personally observed by Plaintiff's technicians and recorded in Exhibit A attached to the Plaintiff's Ex Parte Application for Leave to Take Expedited Discovery. (*See* ECF No. 10-1.) Plaintiff, by and through its investigators, also made a copy of substantial portions of the copyrighted work that John Doe unlawfully distributed or made available for distribution through the file sharing networks, and confirmed that such files contained the work that was subject to Plaintiff's copyright. A technician collected this data through systems and procedures specifically designed to ensure that the information gathered on John Doe was accurate. Through Plaintiff's agents' work, it is overwhelmingly clear that John Doe unlawfully downloaded Plaintiff's copyrighted works on the Internet via BitTorrent. (ECF No. 10-1 at ¶¶ 21-27.)

**3. Legal Issues:**

Plaintiff believes that it states a *prima facie* case for copyright infringement.

**4. Motions:**

On October 2, 2012, Plaintiff filed an *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 6.) On October 5, 2012, the case was reassigned to the Honorable Jeffrey S. White. (ECF No. 8.) On November 1, 2012, Plaintiff file a Renewed *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 10.) On November 5, 2012 the Court granted that Application. (ECF No. 11). Pursuant to this Order, on November 7, 2012, Plaintiff served Comcast with a subpoena requesting identifying information for the subscriber associated with IP address 76.102.35.231. Plaintiff has not received this information yet. On December 14. 2012, an anonymous Movant claiming to be the putative John Doe in this case filed an *Ex Parte* Application for Leave to Take Limited Discovery and to Stay Subpoena Return Date . (ECF No. 12.) On January

7, 2013, that Application was denied, both as to limited discovery and to stay of the subpoena return date. (ECF No. 18.) On January 15, 2013, an anonymous Movant claiming to be the putative John Doe in this case filed a Motion for Protective Order. (ECF No. 19.) On January 15, 2013, the Court denied that Motion. (ECF No. 20.)

If Plaintiff does not receive the requested discovery by the beginning of February 2013, Plaintiff will bring a motion to compel Comcast to provide the information as ordered by the Court.

**5. Amendment of Pleadings:**

Plaintiff will amend its Complaint to name a Defendant to this case, and proceed to serve the Defendant with service of process, once it has received the information that it requested in its subpoena of Comcast.

**6. Evidence Preservation:**

Plaintiff's agents at 6881 Forensics, LLC ("6881") engaged in real time monitoring of John Doe's infringing activity using its proprietary software. 6881's proprietary software is effective in capturing granular-level data about the activity of peers in a swarm and their infringing conduct. 6881's processes are designed to ensure that information gathered about John Doe is accurate. Once gathered and it is determined that the information is relevant to an upcoming case, this information is stored by 6881 for trial.

**7. Disclosures:**

Plaintiff is in the process of formulating its initial disclosures.

**8. Discovery:**

The Court granted Plaintiff's Renewed *Ex Parte* Application for Leave to Take Expedited Discovery (ECF No. 10) on November 5, 2012. (ECF No. 11.) The Court denied anonymous Movant's *Ex Parte* Application for Leave to Take Limited Discovery and to Stay Subpoena Return Date (ECF No. 12) on January 7, 2013. (ECF No. 18.) The Court denied anonymous Movant's Motion for Protective Order (ECF No. 19) on January 15, 2013. (ECF No. 20.)

**9. Class Actions:**

Not applicable.

**10. Related Cases:**

An anonymous Movant asserted that this case was related to several other cases pending in this District. The cases were found to not be related. (ECF No. 15.)

**11. Relief:**

Plaintiff prays for the following relief in this case, as fully outlined in its Complaint: (1) That the Court enter a written judgment declaring that John Doe infringed Plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501, and that such infringement was willful; (2) That the Court enter a written judgment declaring that John Doe has injured the business reputation and business of Plaintiff by John Doe's acts and conduct set forth in this Complaint; (3) That the Court issue injunctive relief against John Doe, enjoining and restraining John Doe and all others in active concert with him/her from further violating Plaintiff's copyrighted works, and further issue an order impounding or requiring John Doe to destroy all copies of those unlawfully copyrighted files in his possession, custody, and/or control pursuant to 17 U.S.C. §§ 503 & 509(a); and (4) That the Court enter a written judgment in favor of the Plaintiff against John Doe for actual damages pursuant to 17 U.S.C. § 504(a) or statutory damages up to one-hundred and fifty-thousand dollars ($150,000) pursuant to 17 U.S.C. § 504(b), at the election of Plaintiff, in an amount to be ascertained at trial.

**12. Settlement and ADR:**

Currently, there is no ADR phone conference set in this case.  A conference seems inappropriate considering that Plaintiff is only party at this time.

**13. Consent to Magistrate Judge For All Purposes:**

Not applicable.

**14. Other References:**

On January 4, 2013, this case was referred to the Honorable Magistrate Judge Maria-Elena James for Discovery. (ECF No. 17.)

///

///

///

**15. Narrowing of Issues:**

Plaintiff would be more than happy to narrow the issues in this case. Plaintiff believes that this could expedite this case, and lead to a fair and economic result.

**16. Expedited Schedule:**

Plaintiff has no objection to this case being handled in an expedited manner.

**17. Scheduling:**

Without the Defendant being involved in this process, any schedule would be impossible to map out at this point.

**18. Trial:**

Again, at this point, without the Defendant being involved in this process, it would be hard for Plaintiff to guess as to how long a trial of this case will take. Should the Court require that guess, Plaintiff is willing to estimate two full days.

**19. Disclosure of Non-Party Interested Entities or Persons:**

Plaintiff has filed its Certification of Interested Entities or Persons. (ECF No. 3.)

Plaintiff believes there are no known persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (other than the parties themselves) that may have a personal or affiliated financial interest in this subject matter in controversy, or any other kind of interest that could be substantially affected by the outcome of the proceedings other than the parties. (ECF No. 3.)

**20. Other Matters:**

Under the circumstances, Plaintiff respectfully requests a continuance of the Case Management Conference currently scheduled for January 25, 2013 at 1:30 P.M.

*///*

*///*

*///*

*///*

Respectfully Submitted,

**DATED: January 16, 2013**

By:     /s/ Brett L. Gibbs, Esq.

Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 16, 2013, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

                                            /s/ Brett L. Gibbs
                                              Brett L. Gibbs, Esq.