Morgan E. Pietz (SBN 260629)
THE PIETZ LAW FIRM
3770 Highland Ave., Ste. 206
Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com
Telephone:   (310) 424-5557
Facsimile :   (310) 546-5301

Attorney for: Putative John Doe in 3:12-cv-4976-JSW

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| INGENUITY 13 LLC, | 3:2012-cv-04976-JSW |
| Plaintiff, | Assigned to: District Judge Jeffrey S. White<br>Referred to: Magistrate Judge Maria-Elena James |
| v. | **PUTATIVE JOHN DOE'S *EX PARTE* APPLICATION REQUESTING A TELEPHONIC CONFERENCE WITH THE COURT REGARDING ENTRY OF A LIMITED PROTECTIVE ORDER CONCERNING PUBLIC DISCLOSURE OF MOVANT'S IDENTITY** |
| JOHN DOE, | |
| Defendant. | |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL**

  **PLEASE TAKE NOTICE** that an ISP subscriber who pays the Internet bill, who is accused of being the John Doe defendant in the above-entitled action ("**Movant**"), by and through counsel, hereby applies to the Court *ex parte*, pursuant to the Court's Discovery Standing Order, for a telephonic conference to enforce the Court's discovery meet and confer requirement and to fashion an alternative procedure. This request is further to Movant's prior-filed Motion for a Protective Order Limiting Public Disclosure of Putative John Doe's Identity (ECF No. 19) (denied without prejudice, with reference to Court's Discovery Standing Order at ECF No. 20).

This application is made on the following grounds: (i) Movant began attempting to meet and confer about this issue with plaintiff on January 7, 2013.  For over two weeks, plaintiff did not respond at all, despite being asked about this issue more than once; (ii) after multiple follow-up phone calls to plaintiff's counsel finally resulted in a substantive telephonic[1] conference, held January 23, 2012, plaintiff's counsel refused to discuss the two questions that form one of the primary bases for the requested protective order; (iii) further, when pressed to confirm that plaintiff is not going to run down to the courthouse to file a first amended complaint prior to the Court having an opportunity to consider the Protective Order issue, plaintiff has refused to address this issue either.  Plaintiff's evasiveness is evident in the meet and confer emails attached as **Exhibit A**.

*Ex parte* relief is necessary and appropriate because Movant has been informed by Comcast that ***anytime after close of business Friday January 25, 2013***, Movant's identity will likely be disclosed to the plaintiff by Comcast. Movant would like to avoid having his good name permanently besmirched by plaintiff, through being named in a public first amended complaint, prior to the Court having an opportunity to first decide the Protective Order issue.  If plaintiff would simply answer the very simple question it has been asked, and confirm that it does not intend to publicly identify Movant (e.g., by naming Movant as a defendant in an unredacted amended complaint, by plastering his name on Prenda Law's website, etc.) pending consideration of the Protective Order issue, this application would be unnecessary.  However, since plaintiff will not respond on this, as well as other material issues related to the protective order motion, Movant is forced to request Court intervention to compel a meaningful engagement on the issues, and to fashion an appropriate procedure for the Protective Order motion.[2]

---

[1] The conference was conducted by telephone, by mutual agreement, since the the offices for counsel are located over 400 miles apart from each other.

[2] Movant understood the Court's order at ECF No. 20 to mean that the Court's Discovery Standing Order procedure of submitting five page joint letters also applies to the kind of protective order being requested here (in addition to applying to motions to compel, which are most clearly the subject of the Discovery Standing Order).  Movant believes it would be difficult if not impossible

Accordingly, Movant respectfully requests the following:

(1)     That plaintiff be ordered to refrain from publicly identifying Movant in any way (including by filing a First Amended Complaint) pending this Court's consideration of Movant's Protective Order motion.

(2)     That a telephonic hearing with the Court be scheduled to compel a meaningful meet and confer dialogue, and to address a procedure for briefing and deciding the Protective Order issue, at any of the following times:

        a.     Monday February 5, 2013, at 2:00 p.m.

        b.     Tuesday February 6, 2013, at 9:00 a.m.

        c.     Tuesday February 6, 2013, at 10:00 a.m.

        d.     Wednesday February 7, 2013, at 2:00 p.m.

        e.     Thursday February 8, 2013, at 3:30 p.m.


Respectfully submitted,

DATED: January 24, 2013                    THE PIETZ LAW FIRM

                                           */s/ Morgan E. Pietz*

                                           Morgan E. Pietz
                                           THE PIETZ LAW FIRM
                                           Attorney for Putative John Doe(s)
                                           Appearing on Caption


The parties shall meet and confer and thereafter file a joint letter, in compliance with the undersigned's Discovery Standing Order.

Dated: January 28, 2013

IT IS SO ORDERED

Judge Maria-Elena James

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

to brief this fairly complicated issue, which is really not so much about discovery as pleading standards, Rule 11, and the right of public access to Court proceedings, in two and a half pages, but will nevertheless endeavor to do so if that is the Court's preference.

**PUTATIVE JOHN DOE'S *EX PARTE* APPLICATION REQUESTING A TELEPHONIC CONFERENCE WITH THE COURT REGARDING ENTRY OF A LIMITED PROTECTIVE ORDER CONCERNING PUBLIC DISCLOSURE OF MOVANT'S IDENTITY**

1
2

## CERTIFICATE OF SERVICE

3
4

    I hereby certify that on this day, the above document was submitted to the CM/ECF system, which sent notification of such filing(s) to the plaintiff, which is registered for electronic service.

5
6

Respectfully submitted:  January 24, 2013         THE PIETZ LAW FIRM
                                                  */s/ Morgan E. Pietz*
                                                  Morgan E. Pietz
7
8
                                                  THE PIETZ LAW FIRM
                                                  Attorney for Putative John Doe(s)
                                                  Appearing on Caption
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PUTATIVE JOHN DOE'S *EX PARTE* APPLICATION REQUESTING A TELEPHONIC CONFERENCE WITH THE COURT REGARDING ENTRY OF A LIMITED PROTECTIVE ORDER CONCERNING PUBLIC DISCLOSURE OF MOVANT'S IDENTITY**